PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BUTTS, ) | |
| ) | CASE NO. 4:22CV100 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORECIVIC, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 14] |

Pending is Defendants' Motion for Summary Judgment. *See* ECF No. 14. The Court conducted a Telephonic Status Conference on August 31, 2022, at which time the Court ordered that Plaintiff Michael Butts file a memorandum in opposition on or before September 30, 2022. *See* Minutes dated August 31, 2022. To date, Plaintiff has not submitted a memorandum in opposition. Therefore, the motion is unopposed. The Court has been advised, having reviewed the record, the motion, and the applicable law. For the reasons set forth below, the motion is granted.

**I.     Background**

On December 16, 2021, Plaintiff filed this action in the Mahoning County, Ohio Court of Common Pleas. *See* ECF No. 1-1. Plaintiff brings a civil rights action pursuant to 42 U.S.C. § 1983. *See id.* On January 18, 2022, Defendants filed a notice of removal from the Mahoning County, Ohio Court of Common Pleas to this Court. *See* ECF No. 1. On January 25, 2022, Defendants filed an Answer. *See* ECF No. 4. Defendants assert that because Ohio state law governs the statute of limitations applicable to a Section 1983 action, Plaintiff had until January 29, 2021 to file suit. *See* ECF No. 14 at PageID #: 99. As such, Defendants argue that there is

(4:22CV100)

no issue of fact to be resolved as Plaintiff's Complaint (ECF No. 1) was filed on December 16, 2021, nearly one year after the statute of limitations lapsed. *See* ECF No. 14 at PageID #: 100.

## II. Standard of Review

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). The fact under dispute must be "material," and the dispute itself must be "genuine." A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict. *Id*. ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of an essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The trial court is not required to search the entire record to establish that a genuine issue of material fact exists." *Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16CV490, 2018 WL 1805402, at *2 (N.D. Ohio Apr. 16, 2018) (citing *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)) (abrogated on other grounds). " '[I]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),' the court may determine that fact is undisputed." *Malee,* No. 1:16CV490, 2018 WL 1805402, at *2 (quoting Fed. R. Civ. P. 56(e)(2)).

(4:22CV100)

To survive summary judgment, the non-moving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved" by a factfinder.  *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017).

### III.  Discussion

"Even when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 Fed.Appx. 672, 675 (6th Cir.2013).  "The Supreme Court has held that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought." *Wilson v. Garcia,* 471 U.S. 261, 275–76, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

(4:22CV100)

Under Ohio law, an action must be brought within two years after the cause of action accrues. *See* Ohio Rev. Code Ann. § 2305.10. "[A] cause of action accrues under this division when the injury or loss to person or property occurs." *Id.* In accord with Ohio law, the Court finds that the cause of action began accruing on January 29, 2019, the day Plaintiff alleges to have been involved in an inmate-on-inmate assault incident. *See* ECF No. 1-1 at PageID #: 9; ECF No. 4 at PageID #: 31. Plaintiff untimely filed the action in the Court of Common Pleas for Mahoning County on December 16, 2021, 322 days after the statute of limitations lapsed. Therefore, the Court dismiss Plaintiff's federal law claim. Furthermore, "[i]n cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed." *Vos v. Cordray,* 719 F. Supp. 2d 832, 843 (N.D. Ohio 2010) (citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Consequently, the Court declines jurisdiction to hear Plaintiff's claims pursuant to Ohio civil rights law.

### IV. Conclusion

Defendants' Motion for Summary Judgment (ECF No. 14) is granted upon the grounds that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. Final judgment will be entered in favor of Defendants and against Plaintiff.

IT IS SO ORDERED.

| | |
|---|---|
| May 19, 2023 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |